GARDNER *v.* THE STATE.

1. This case falls within the rule that unless the ground of objection to testimony presented to the trial court at the time the testimony was admitted appears, the matter is not one for review by the Supreme Court.
2. There was sufficient evidence to warrant the verdict, and no abuse of discretion in denying a new trial.　　　*Judgment affirmed.*
March 19, 1894.　Argued at the last term.

Indictment for assault with intent to murder. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1893.

Dr. Gardner was convicted under the code, §4337(b). His motion for a new trial was overruled, and he excepted. In the court's charge to the jury they were directed to consider whether the evidence showed the defendant's guilt under section 4337(b) or section 4337(c). The woman on whom he operated was a white girl of nineteen years, unmarried and pregnant, when she went to him in June, 1893. At the time of the trial, November 2, 1893, she had been married to Hollingsworth, who testified that he sent her to the defendant. Hollingsworth was charged in the same indictment with being present, aiding and abetting in the commission of the offence. The woman testified that nobody sent her to see defendant, she went of her own accord; but afterwards testified that she went to defendant instead of to another doctor who was her regular physician, because she was sent there. She had known defendant about four months. She told him about her condition and why she came to see him; and he subjected her to an examination, and with his hand, or some other instrument which she did not see, he penetrated her without hurting her, and told her she would be sick in a few days and nobody would know her troubles. He also told her, if she was not sick to come back in three days;

she went back in the same week, and he gave her some little tablets, enough to last two days, one to be taken every four hours, and told her if she would take the medicine her trouble would soon be over and nobody would ever know it. Up to that time no one but defendant had given her any medicine or used any instrument on her. Nobody was with him when he made the examination and used the instrument. She told him when she went to him that she was pregnant, and her general health was good. No advice was given to her by any doctor or by defendant that this operation was necessary. He charged her $15 for his services. She did not go to see him for any sickness other than the pregnancy. Later in the same month she went to the house of a negro and remained there from Wednesday to Monday. She was delivered on Saturday night by Dr. Wright, who was called by the negro. She thought she had been pregnant about three months; had felt no symptoms that the child was alive, and did not know what was the matter with her before she was told. The testimony of Dr. Wright tended to show that the child was probably quick and that the pregnancy had advanced to about five months. The motion for new trial alleges that the verdict is contrary to law and evidence, and the following (3d ground): "The court erred in allowing the witness Dr. Wright, over objection of defendant's attorney made at the time, to testify as follows, in answer to the following question put to the witness by the court: 'I want to ask you whether it was five months.' Answer: 'I think it was about the end of the fifth month. I asked her particularly about her last sickness and all that night, and she told me all about it, and I counted it up.'" Also, "the court erred in not ruling out the testimony set out in the third ground hereof, that ruling having been invoked by defendant, and it further showed that the witness formed an opinion

as to the age of the *fœtus* from what the woman told him, and not as a medical expert."

R. J. JORDAN, for plaintiff in error.

C. D. HILL, solicitor-general, *contra.*